UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jonathan Jimenez, | 2:14-cv-00404-JAD-CWH |
| Petitioner | **Order Denying Petition and Declining to Issue Certificate of Appealability** |
| v. | |
| Brian E. Williams, et al., | [ECF No. 6] |
| Respondents | |

    Nevada state-prison inmate Jonathan Jimenez brings this § 2254 petition to challenge his state-court conviction and sentence for robbery and assault with use of a deadly weapon.[1] Having reviewed Jimenez's petition, respondents' answer, and the supporting documents, I find that Jimenez is not entitled to federal habeas relief on any of his claims, so I deny the petition. Because no reasonable jurist would find my conclusions in this order to be debatable or wrong, I decline to issue a certificate of appealability.

## Background

    In October 2011, a jury in Nevada's Eighth Judicial District Court convicted Jimenez of robbery with use of a deadly weapon and assault with a deadly weapon. The state district court sentenced him to 34–180 months on the robbery charge[2] followed by a consecutive term of 34–180 months for the use of a deadly weapon, with no credit for time served.[3] After the Nevada Supreme Court confirmed the conviction on direct appeal,[4] Jimenez filed a motion to correct an illegal

---

[1] Exh. 1A. Exhibits referenced in this order are exhibits to respondents' answer, ECF No. 9, and are found at ECF Nos. 10–11.

[2] The court sentenced him to 18–72 months on the assault charge to run concurrent to the sentence for the robbery charge and Jimenez's sentence in another case.

[3] Exh. 1A.

[4] Exh. 6.

sentence[5] and a post-conviction habeas petition.[6] The state district court denied Jimenez's motion and petition,[7] and the Nevada Supreme Court affirmed.[8]

Jimenez timely dispatched this federal habeas petition on March 12, 2014.[9] Respondents have filed an answer,[10] and Jimenez has filed a reply.[11] Jimenez alleges that the trial court erroneously failed to give him credit for the 668 days he served before his sentencing (ground one), that he received ineffective assistance of appellate counsel because appellate counsel failed to present Jimenez's theory of defense or communicate with him during the appeals process (grounds two and three), and that his trial counsel was ineffective for failing to conduct adequate research and present Jimenez's theory of defense.

## Discussion

**A.    Ground one is not cognizable on federal habeas review.**

In ground one, Jimenez alleges that the state district court denied him credit for 668 days he served in pretrial detention in violation of his Fourteenth Amendment due-process rights.[12] The record reflects that Jimenez was not given any credit for time served in this case because the sentencing judge determined that this time was properly credited toward another state-court conviction in a different case.[13] Jimenez raised this argument in his motion to correct illegal sentence. In affirming the denial of that motion, the Nevada Supreme Court explained that this claim

---

[5] Exh. 7.

[6] Exh. 8.

[7] Exhs. 9, 12.

[8] Exhs. 13, 14.

[9] ECF No. 6.

[10] ECF No. 9.

[11] ECF No. 12.

[12] ECF No. 6 at 3–4.

[13] Exh. 7 at 8–10.

"fell outside the very narrow scope of claims permissible in a motion to correct an illegal sentence" under Nevada law, which may attack "only the facial legality of a sentence."[14] Because this claim challenges the state courts' application and interpretation of Nevada state law, it is not cognizable on federal habeas review.[15] Accordingly, Jimenez is not entitled to federal habeas relief on ground one.

**B.     Ineffective assistance of counsel under 28 U.S.C. § 2254(d)**

In *Strickland v. Washington*, the United States Supreme Court established a two-prong test for ineffective-assistance-of-counsel claims.[16] A petitioner must show (1) that the defense attorney's representation "fell below an objective standard of reasonableness" and (2) that the attorney's deficient performance prejudiced the defendant so severely that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[17] If a state court has adjudicated a claim of ineffective assistance of counsel, federal habeas courts ask only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[18]

**C.     Jimenez is not entitled to federal habeas relief on his ineffective-assistance claims.**

***1.     Ground two and three***

In ground two, Jimenez alleges that his appellate counsel was ineffective for failing to file a supplemental brief arguing that Jimenez did not intend to discharge the weapon and did so only after

---

[14] Exh. 13 (citing *Edwards v. State*, 918 P.2d 321, 324 (Nev. 1996)).

[15] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Hubbart* v. Knapp, 379 F.3d 773, 779–80 (9th Cir. 2004); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("We accept a state court's interpretation of state law, . . . and alleged errors in the application of state law are not cognizable in federal habeas corpus.").

[16] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[17] *Id.* at 694.

[18] *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Cheney v. Washington*, 614 F.3d 987, 994–95 (9th Cir. 2010) (acknowledging double deference required for state-court adjudications of *Strickland* claims).

being provoked by and wrestling with one of the victims.[19]  First, this claim is partially unexhausted because Jimenez did not argue that he did not intend to discharge the weapon in state court; there he alleged only that appellate counsel was ineffective for failing to raise unspecified claims in a supplemental brief.  In affirming the denial of that claim, the Nevada Supreme Court held that Jimenez failed to set forth any issues that should have been filed in a supplemental brief and failed to show that these issues would have been successful if raised on direct appeal.

 Because the state court adjudicated this IAC claim on the merits, my inquiry is limited to "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[20]  There is a reasonable argument that Jimenez's appellate counsel satisfied *Strickland* because Jimenez still has not shown that counsel was ineffective for failing to raise the issues that Jimenez has now identified or shown that the outcome of his direct appeal would have been different had counsel raised these issues.  I therefore deny ground two.

Ground three is also a claim of ineffective assistance of appellate counsel.  Jimenez baldly alleges that appellate counsel failed to communicate with him during the appeals process, which prejudiced Jimenez because appellate counsel did not raise all of the issues that Jimenez wanted raised.  In affirming the denial of this claim, the Supreme Court found that this "bare" claim failed to explain how communication with appellate counsel would have changed the outcome of Jimenez's direct appeal or demonstrate a likelihood of success on the merits.[21]  Jimenez still fails to adequately explain how counsel's performance was deficient or how he was prejudiced as a result.  Because the state courts' application of *Strickland* to this claim was reasonable, ground three is also denied.

**2.    Ground four**

Jimenez's fourth and final claim is a claim for ineffective assistance of trial counsel.  He alleges that trial counsel failed to conduct sufficient factual and legal research to establish a defense and chose not to have Jimenez tell his side of the story and deny that the robbery took place.

---

[19] ECF No. 6 at 6.

[20] *Harrington,* 562 U.S. at 105; *Cheney,* 614 F.3d at 994–95.

[21] Exh. 12.

In affirming the denial of this claim, the Nevada Supreme Court noted that Jimenez's trial counsel attempted to elicit testimony to demonstrate that the victim and Jimenez were engaged in a mutual altercation and that Jimenez failed to demonstrate that there were any additional theories that counsel should have presented or that he was prejudiced as a result of counsel's failure to raise them.[22] Jimenez has failed to demonstrate that the Nevada Supreme Court's decision that he failed to show deficiency or prejudice was contrary to or an unreasonable application of *Strickland*. Accordingly, ground four is also denied.

### D.   I decline to issue a certificate of appealability

To obtain a certificate of appealability, a petitioner must make "a substantial showing of a denial of a constitutional right"[23] by showing that "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong."[24]  To meet this threshold, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further.[25] Because no reasonable jurist would find my conclusions in this order debatable or wrong, I decline to issue Jimenez a certificate of appealability.

---

[22] Exh. 14.

[23] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

[24] *Slack*, 529 U.S. at 484.

[25] *Id.*

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED, that Jimenez's petition **[ECFN No. 6] is DENIED,** and I decline to issue a certificate of appealability.

The Clerk of Court is directed to ENTER JUDGMENT for respondents and against Jimenez and CLOSE THIS CASE.

Dated 20 March, 2017.

_____
Jennifer A. Dorsey
United States District Judge